IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
~~HOUSTON~~ McAllen DIVISION

| | | |
|---|---|---|
| RICHARD CARRERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| -v- | § | Civil Action No. |
| | § | |
| POLYONE CORPORATION, ET.AL | § | |
| | § | Jury Trial Demanded |
| | § | |
| Defendant. | § | |
| | § | |

---

### PLAINTIFF'S COMPLAINT AND JURY DEMAND

---

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COMES Plaintiff, Richard Carrera, and files this, his Complaint and Jury Demand, against Defendants, PolyOne Corporation, ET.AL, (collectively "Defendants") to comply with a mediation Settlement Agreement reached between the Commission, Defendants and Charging Party, Richard Carrera, and to provide appropriate relief to Carrera. Specifically, on January 27, 2020, the Commission, Defendants, and Carrera entered into a Mediation Settlement Agreement of EEOC Charge No. 460-2020-00153 filed by Richard Carrera against the Defendants, breached the Mediation Settlement Agreement when they failed to abide by terms of the agreement, as alleged with greater particularity below:

Plaintiff Complaint and Jury Demand Page-1

## PARTIES

1. Plaintiff RICHARD CARRERA (hereinafter "CARRERA") was at all relevant times a resident of the State of TEXAS, County of HARRIS, and an employee of Defendant POLYONE CORP, doing business in Texas as PolyOne Corporation ("PolyOne"). Who charged with the administration, interpretation and enforcement of Title 1 of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. 12117(a), which incorporates by reference Section 706(f) (1) and (3) of Title VII, 42 U.S.C 2000e-5(f) (1) and (3).

2. At all relevant times, Defendants have continuously been Ohio entities doing business in the state of Texas and within the Southern Division of the Southern District of Texas and have continuously had at least 15 employees. PolyOne operates a manufacturing plant in located at 4403 Pasadena Freeway, Pasadena Texas 77503.

3. Due to PolyOne's ownership of these locations, its day-to-day managerial role in the several plants, its right to hire, fire and discipline the employees, and its control of all terms and conditions of PLAINTIFFS' employment, PolyOne is PLAINTIFFS' former Chapter 21 of Texas Labor Code employer, or alternatively, a joint employer, which provides employment pursuant to contract.

4. PolyOne Corp can be served by serving its Registered Agent, Avient Corporation/C.TCorp. Systems 199 Brian St. Ste#900 Dallas, Texas 75201.

5. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C §12111(5); and Section 101 (7) of the ADA, 42 U.S.C §.12111(7), which incorporates by reference Section 701 (g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. PLAINTIFF is informed, believe, and allege that at all relevant times, each Defendant is, and was, the director, agent, employee, and/or representative of every other Defendant and acted within the course and scope of their agency, service, employment, and/or representation, and that each Defendant herein is jointly and severally responsible and liable to the PLAINTIFF for damages hereinafter alleged.

7. All of the acts and failures to act alleged herein were duly performed by and attributed to all Defendants, each acting as the joint employer as Defendants jointly supervised and controlled workers' conditions of employment, determined assignments, rate of pay or method of payment, had authority to hire or fire workers, and maintained employment records.

8. All actions of all Defendants were taken by workers, supervisors, executives, officers, and directors during employment with all Defendants, were taken on behalf of all Defendants, and were engaged in, authorized, ratified, and approved by all other Defendants.

## II.
## JURISDICTION AND VENUE

9. Jurisdiction of this Court is invoked pursuant to 28 U.S.C §451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C §1981a.

## III.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Prior to filing this action, Mr. Carrera timely filed his written charge asserting discrimination with the Equal Employment Opportunity Commission ("EEOC") within the appropriate number of days. In conformance with the law, Mr. Carrera has filed this action in Texas District Court prior to the expiration of sixty (60) days from the date of receiving his right to sue letter from the EEOC and within two (2) years after Defendant willfully violated Mr. Carrera's rights the

Americans with Disabilities Act as amended, the Age Discrimination in Employment Act, the Family and Medical Leave Act, and Chapter 21 of the Texas Labor Code. This lawsuit is subsequently to federal court. Mr. Carrera has exhausted all administrative remedies; therefore, all conditions precedent to Mr. Carrera maintaining this civil action have accrued, occurred, or been waived. *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987,

992 (5th Cir. 2005).

## IV.
## STATEMENT OF FACTS

11. More than thirty days prior to the institution of this lawsuit, Richard Carrera filed a charge with the Commission alleging violations of Title 1 of the ADA, 42 U.S.C. §12101 et.seq. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. After receipt of Carrera's charge, Defendants voluntarily accepted the Commission's offer to mediate the charge allegations, pursuant to the Commission's Alternative Dispute Resolution ("ADR") program. On or about January 27,2020, mediation conducted by a representative of the Commission's Houston Area Office was held by the Commission. Carrera and a representative of the Defendants participated in the mediation.

13. As a result of the mediation, the Commission, Defendants, and Carrera entered into a Mediation Settlement Agreement dated January 27.2020. A true and correct copy of the Mediation Settlement Agreement is attached to this complaint.

14. Paragraph 5 of the mediation Settlement Agreement states in part, "This document constitutes a final and complete statement of the entire agreement between the parties, Charging Party, Respondent, and the EEOC." Paragraph 7 of the mediation Settlement Agreement provides, in substance, in pertinent part:

15. (c) Respondent will review all documents by charging party and make appropriate adjustments to any documented late arrivals, early departures or call offs. If charging party occurrences fall to 5 or below, and he has a 3.0 performance review, the 2019 MERIT increases will be authorized.

16. Paragraph 1 and 2 of the Mediation Settlement Agreement provided that, in exchange for these promises made by defendants and Carrera in the Mediation Settlement Agreement, the Commission agreed not to institute a lawsuit against the Defendants under any statue enforced by the Commission based on the underlying EEOC charge, and that submission of the Mediation Settlement Agreement to the Commission constituted a request for closure of the charge.

17. On February 3, 2020, Respondent breaks communication with Charging Party, after receiving communication from Carrera, Theresa Myers fails to communicate with Carrera on making appropriate adjustments to any documented late arrivals, early departures or call offs adjustments done to satisfy the provision in the Mediation Settlement Agreement.

18. On February 6, 2020, pursuant to the Mediation Settlement Agreement, Defendants terminated Carrera's benefits, breaching the contract by terminating employment before the expiration date of the Mediation Settlement Agreement.

19. Despite Carrera's compliance with all the terms of the Mediation Settlement Agreement, Defendant notified Carrera on February 14, 2020, officially, that his employment with PolyOne was terminated.

20. Defendant failed to abide by the terms of the Mediation Settlement Agreement by failing and refusing to Respondent it will review all documents by charging party and make appropriate adjustments to any documented late arrivals, early departures, or call offs. Breaking communication with charging party, terminating employment before end of Settlement Agreement was scheduled to expire. Thus, Defendants actions constitute a breach of Settlement Agreement. Plaintiff complied with Mediation Settlement Agreement.

21. On the Mediation Settlement Agreement in paragraph 6, provides that the Mediation Settlement Agreement may specifically be enforced in court by the Commission and the document "itself" may be used as evidence in subsequent proceedings in which a breach of this agreement is alleged."

22. Paragraph 4 of the Mediation Settlement Agreement states there shall be no discrimination or retaliation of any kind against charging party as a result of filing this charge or against any other person because of opposition to any practice deemed illegal under Title VII and the ADA as a result of filing this charge, or for giving testimony, assistance or participating in any manner in an investigation, proceeding or hearing under the aforementioned Acts.

23. Mr. Carrera began working for PolyOne Corporation in 2017 as a contractor, as a Material Handler. Shortly, after eight months Carrera was hired to full time employee.

24. Mr. Carrera is over 40 years of age and was disabled by the serious medical conditions of degenerative disc. disease (herniated discs). Despite his disability, Carrera was qualified for his position.

25. Mr. Carrera was first reprimanded on 8/30/2018. Defendant adversely affected his employment when Carrera who was not certified for position of tower operator as of that date on reprimand and was reprimanded after defendant recorded a loss of product for specific lot number. Carrera was not responsible for loss. The failure to be trained certified fell heavy on the defendants' feet. The Audit sheet for that specific assignment will prove that the lab technician and box out operator failed to take sample which lead to off grade material amount, therefore initially Carrera should have not been reprimanded, much less placed on his first performance improvement plan (PIP). Per Exhibit B of Respondent Statement.

26. Through series of exhibits, Carrera is discriminated through adverse actions and retaliated. On the date of 4/30/19, Carrera was reprimanded by adverse action by suspension, while adversely being placed on a performance improvement plan (PIP).

27. Exhibit C of the Respondent Statement is in regards to Defendant's cell phone policy. A female coworker was accused of breaking the same policy but was never reprimanded nor suspended. Carrera was sent home for the rest of the day.

28. Carrera shortly after completing his (PIP), On 9/13/19, plant manager Pam Ellis retroactively placed Carrera on his second Improvement plan (PIP). Accused of being Plagued by a list of tardies and "early outs". The Exhibits will prove that time inserts were covered by company's grace period. Also, time stamped electronically by shift supervisor Al Singleton, J. Walker showing that the "early outs" and "late arrivals" were approved. This would be the same day Carrera would be qualified for intermittent FMLA. Carrera requested reasonable accommodation and was denied "interactive process "while becoming a victim of increase scrutiny. Carrera has requested through amended request for production a list of audit sheets from defendant and has not been given such documents.

29. Carrera upon filing EEOC charge, satisfies two prongs of his retaliation claim when plaintiff was treated differently. He was targeted and harassed by Pam Ellis as she took voluminous notes and communicated with Supervisor "Joe Walker" on Carrera's whereabouts throughout the day. Pam Ellis would walk into the changeroom looking for Carrera. Pam would avoid Carrera and speak to other employees inside plant and breakroom area leave. Carrera was engaged in a protected activity when he filed the initial complaint to EEOC in regards to Disability Discrimination and suffered materially adverse action which a casual link between the filing and the placing of Carrera on PIP for the second performance improvement plan; which is a direct violation of the company's policy could exist between the activity and action.

30. Carrera in November 2019 filed a formal complaint with Defendant in regards to a maintenance Supervisor making racial "slurs". Defendant has a zero policy on anti-discrimination but refused to enforce it, Carrera was later retaliated against when Defendant retaliated and terminated his employment. Defendant POLYONE knew or should have known of the racial discrimination that was rampant in its plants.

31. Defendant POLYONE consistently and continuously failed to take any action to address, prevent, remedy, correct, eliminate, or alleviate racial discrimination despite their public policy. Ian Robinson stayed employed after the fact Carrera filed complaint with Defendant.

32. Mr. Carrera was disabled by definition of the ADA and new provision of the ADAAA. See McElwee v. Cnty. of Orange,700 F.3d 635,642 n.5(2nd Cir.2012). Plaintiff was meeting

Plaintiff Complaint and Jury Demand Page-6

his employer's legitimate employment expectations, he suffered an adverse employment action and a similarly situated employee without a disability were treated more favorably. Dickerson at 601(citing Lloyd v. Swiftly Transp. Inc,552 F.3d 594 (7th Cir. 2009) and McDonnell Douglas at 802.)

33. Defendant violated Chapter 21: Section 21.051 of Subchapter B when defendant committed unlawful practice because of Mr. Carrera race, color, disability, sex, national origin. was qualified for the position under which he was hired for, when defendant decided to take adverse actions against Carrera. Plaintiff first establishes a prima facie case of discrimination by a preponderance of the evidence. Plaintiff establishes a prima. facie case of intentional discrimination under Title VII using the McDonnell-Douglas framework from Title VII, plaintiff shows that he

34. is a member a particular protected group (FMLA intermittent), was eligible for the recipient's program, activity (FMLA STD), and was not accepted into that program or otherwise treated in an adverse manner (retaliated, discriminated) and that an individual was similarly situated with respect to qualifications, but was not in the plaintiffs protected group was given better treatment. (Randy Williams) a white employee whom was given light duty. Gates v Caterpillar, Inc. 513 F. 3d 680, 690 (7th Cir. 2008).

35. Denial of reasonable accommodation caused changes that enabled Plaintiff whom was a qualified individual with a disability to enjoy equal employment opportunities. 29C.F. R §1630.2(o)(1).

36. The evidence also raises a material issue of fact as to whether defendants engaged in an interactive process and reasonable accommodation analysis prior to terminating plaintiff's employment (see Watson v Emblem Health Servs., 158 AD3d 179 [1st Dept 2018]; see also Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 827 [2014]).

37. Since not making reasonable accommodations is listed in the ADA's definition of disability discrimination, claims premised upon an employer's failure to offer reasonable accommodation necessarily, involve direct evidence.

38. Plaintiff asked his employer for an accommodation due to a disability, and his employer did not accommodate him. So, plaintiff was not required to establish anything more for his claim to be viable.

39. In short, plaintiff brings forth enough evidence to show that: 1) his employer had a blanket policy of denying accommodation for all non-work-related disabilities; 2.) employer knew that plaintiff had requested accommodation.

40. For an employer's obligation to activate the duty to accommodate, the employee does not need to use the word "disabled," rather the employer must know enough information about the employee's condition to conclude that he or she is a person with a disability. Information that could help figure out whether a person has a disability under the ADA could include such things as a diagnosis, treatment plan, (severe symptoms,) and physician-imposed work restrictions.

41. Mr. Carrera was a member of a protected class (Race, national origin, Disability) when he was materially adversely affected by one or more actions that of non-protected class employees were treated similarly, a white male employee was given light duty, and a female employee was not written up nor disciplined for similar offense.

42. Mr. Carrera was engaged in protected activity, (request/qualified FMLA) when he was materially adversely affected by adverse action shown in exhibit F of respondent statement. A causal link between the activity and the action can be proved. Carrera had requested FMLA before the adverse action he suffered in Exhibit F and was qualified on that date 9/13/19.

43. The discrimination/retaliation and termination were based on Mr. Carrera's disability (herniated disc, reaggravated injury) (breach of Settlement Agreement), and the filing of all three (3) EEOC complaints and formal complaint for racial discrimination with Defendant along with his race, color, disability, national origin.

44. The discrimination/retaliation and termination affected a term, condition, and privilege of Carrera's employment. He was retaliated/discriminated for filing of EEOC charge. He was retaliated for filing complaint of racial discrimination to defendant PolyOne. He was retaliated for attending a Mediation with EEOC with regards to entering into a Mediation Settlement Agreement. Carrera was also retaliated for the filing of short-term disability (STD) and worker compensation (WCI) and the denial and termination of benefits (TWC). Demyanovich, 747 F.3d at 433 (quoting 42 U.S.C. § 12112(a)). Carrera was also retaliated/discriminated for the breach of settlement of agreement that terminated his employment and interfered with decision for his worker compensation claim denied. Carrera was discriminated against for his disability, race, national origin, sex, color.

45. The unlawful employment practices complained of herein were intentional, any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I).

46. The unlawful employment practices complained of herein were done with malice or reckless indifference to the legally protected rights of Mr. Carrera. see also Brewer v. Hillard, 15 S.W.3d 1, 6–7 (Ky. Ct. App. 1999).

47. Defendant displayed (1) suspicious timing for discrimination and retaliation. (2) ambiguous behavior towards other employees in a protected group;(3) evidence or otherwise that similarly situated employees outside of the protected group (Randy Williams, Steve Broussard) received better treatment ;(4) evidence that the employer offered pretextual rationale for an adverse employment action. Dickerson at 601; See also Burnell v Gates Rubber Co., 647 F .3d 704,708 (7th Cir. 2011); Diaz v Kraft Foods Global, Inc., 653 F.3d 582,586, -587 (7th Cir. 2011).

48. Defendant violated discrimination under the ADA by (1) disparate treatment (2) disparate impact discrimination. Defendant has evidence by means of (cell phones, emails) electronic devices that would prove intentional discrimination by direct method of admission.

49. Defendant publishes false statements under Respondent statements made out to EEOC and the TWC. The defendant fails to mention that Carrera was a contract employee first. Next, defendant states on February 14, 2020, Respondent terminated Charging Party's employment for attendance-related reasons. When in actuality, he was terminated on February 6, 2020 when his benefits were terminated by reason of employment termination. Then, defendant's pretext allegations detail that Mr. Carrera's employment with PolyOne was marked by both job performance and attendance issues. In September, 2018 Charging Party received a Disciplinary Action Notice for recurring performance deficiencies. When Charging Party's work did not improve, he was placed on a performance improvement plan (PIP) in March, 2019. Plaintiff has brought enough evidence to prove that the defendant's allegations were and are nothing more than pretextual.

V.

FIRST CAUSE OF ACTION:

BREACH OF MEDIATION OF SETTLEMENT AGREEMENT

50. Mr. Carrera realleges and incorporates the allegations contained in paragraphs 1-49 as if fully stated herein.

51. Defendant violated the Texas Code Chapter 21 (Chapter 21), Title VII of the Civil Rights Act (Title VII), the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act (ADA). PolyOne discriminated against Mr. Carrera because of his race, color, disability, sex, national origin, when defendant clearly discriminated in a manner against plaintiff in connection with compensation or the terms, conditions, or privileges of employment; and limited, classified Carrera or for employment in a manner that deprived or tend to deprive Carrera of any employment opportunity or adversely affect in any other manner the status of an employee.

52. Defendant's violations of Title 1 of the ADA, 42 U.S.C. 12101 et.seq. by Section 107(a) of the ADA, 42 U.S.C. 12117(a), which incorporates by reference Section 706(f) (1) and (3) of Title VII, 42 U.S.C 2000e-5(f) (1) and (3).

53. Mr. Carrera was qualified for the position when Defendant took adverse action(s) against plaintiff by means of discriminating him for his disability, race, then retaliating against him for filing an EEOC charge, next by agreeing into a mediation settlement agreement which

after defendant breached. Defendant would also go on to retaliate against Carrera for filing a formal complaint with POLYONE for racial discrimination. Lastly, by the filing of Worker Compensation claim.

54. Mr. Carrera was terminated from his position as a result of the breach of Mediation Settlement Agreement and failing to complete page FMLA-2 of FMLA packet.

55. Mr. Carrera agreed to a mediation agreement with the defendant, who breached agreement by means of retaliation including breaking communication, provision (c) and materially adverse actions which included terminating benefits and the interference of WCI and TWC, also by means of termination of employment before the agreement expired.

56. The Breach of settlement agreement was breached in provision 7(c).

57. The breach of settlement agreement and wrongful termination affected a term, condition, and privilege of Mr. Carrera employment. e.g. Discriminatory Insults and Epithets or Slurs, Commission Decision No. 72-1561, EEOC Decisions (1973) §6354. Practice Discriminatory Despite State Law-sex discrimination Discriminatory Denial of Training Commission Decision No. 70-601, CCH EEOC Decisions (1973) §6124 **Discriminatory Performance Evaluation.**

58. Defendant agreed to a mediation statement with plaintiff which later the defendant would breach agreement; by breaking communication and not following the terms of appropriately adjusting any/all late arrivals; early departures. By means of terminating of benefits before expiration of settlement agreement. Introducing the FMLA packet to be completed when the defendant knew willingly and knowingly that it could not be completed in its entirely, therefore proving an anticipatory breach of settlement agreement.

59. The unlawful employment practices complained of herein were intentional.

60. The Defendants acted maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiffs, and/or with the conscious disregard of the rights and safety of Plaintiffs, and/or with an improper and evil motive amounting to malice. Plaintiffs are, therefore, entitled to recover punitive damages from Defendants in an amount to be determined at the time of trial and in accordance with proof.

61. Because of the actions of Defendant, Mr. Carrera suffered damages within the jurisdictional limits of this Court.

## VI.
## SECOND CAUSE OF ACTION: RETALIATION
## CHAPTER 21. EMPLOYMENT DISCRIMINATION

62. Mr. Carrera realleges and incorporates the allegations contained in paragraphs 1-62 as if fully stated herein.

63. At all times relevant to this action, Defendant PolyOne Corp. was an employer as defined under the Texas Code Chapter 21 (Chapter 21), Title VII of the civil Rights Act (Title VII), the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act (ADA).

64. Plaintiff engaged in protected activity(s) when he reported the racially harassing and discriminating behavior to Defendant PolyOne, including the Disability Discrimination claim to EEOC due to the placing of Carrera on a second PIP (performance improvement plan) also the refusal of a reasonable accommodation.

65. Defendant POLYONE took adverse employment actions against the Plaintiff. (1) Carrera engaged in a statutorily protected activity;(filed EEOC disability discrimination, filed formal complaint of racial discrimination with Defendant, attended mediation and giving testimony, assisting, participating in an investigation, proceeding or hearing with the EEOC and TWC. (2) plaintiff suffered adverse actions of being placed on an improvement plan, termination of benefits, termination, denial of interactive process due to the reasonable accommodation. (3) the casual connection between the two. Hilt-Dyson v. City of Chicago, 282 F.3d 456 (7th Cir. 2002) see. Squibb v. Mem'l Med. Ctr., 497 F.3d 775, 786 (7th Cir. 2007)

66. Plaintiff CARRERA engaged in protected activities when he reported instances of retaliation and discrimination to his supervisors.

67. Without justification or basis in fact, Defendant PolyOne made false allegations against Plaintiff CARRERA in forms of reprimands and the Respondent statement made out to TWC and EEOC. Defendant placed him on unnecessary leaves (4/30/19) (8/31/18), subjected him to threats of termination of employment, and withheld promotions and pay increases.

68. In doing so, Defendant POLYONE ratified the discriminatory and retaliatory behavior of its managers, supervisors, leads and other employees toward Plaintiff CARRERA.

69. Plaintiff CARRERA engaged in protected activities when he reported instances of racism, charge of disability discrimination, retaliation for attending Mediation through EEOC.

70. Without justification or basis in fact, Defendant POLYONE terminated Plaintiff CARRERA's employment.

71. Without justification or basis in fact, Defendant POLYONE refused to investigate these reports and complaints made by Plaintiff CARRERA, refused to address the instances of racism, discrimination and retaliation, and continuously made him work an environment without an accommodation, a violation of interactive process.

72. Plaintiff CARRERA engaged in protected activity (requested/qualified for intermittent FMLA) when he arrived late/left early for a medical leave protected by FMLA intermittent leave and was given occurrences.

73. Without justification or basis in fact, Plaintiff satisfies two prongs of his prima facie case of retaliation when Defendant POLYONE took voluminous notes on electronic devices through his lead manager Joe Walker on Carrera including ignoring him while acknowledging the rest of employees in the plant all while threats of termination of employment, refusing to investigate his complaints, and made his work environment unbearable.

74. Without justification or basis in fact, Defendant POLYONE adversely acted against Plaintiff by ways of increased surveillance when Pam Ellis and Joe exchanged text messages and emails. Carrera received unjustified negative evaluations and references regarding the breach of settlement agreement between the defendant and plaintiff along with EEOC. The threats that Carrera received in every reprimand and in both of his performance improvement plans (PIP). Finally, the refusal to retain Carrera's employment per Mediation Settlement Agreement and then defendant terminated Plaintiff CARRERA, threatened to terminate his employment, refused to investigate Plaintiff CARRERA's complaints, refused to accommodate his injuries, and made his work environment unbearable.

75. Plaintiffs had reasonable and good-faith beliefs that the racial discrimination and harassment was violative of state and federal laws, including but not limited to the Civil Rights Act of 1964.

76. Defendant violates Ch.21: Section 21.055 of Sub Chapter B who retaliated against Carrera for opposing a discriminatory practice, made and filed an EEOC charge; racial discrimination complaint to defendant. Casna v. City of Love's Park, 574 F.3d 420(7th Cir. 2009) Informal complaint of discrimination is sufficient to trigger retaliation protection.

77. Plaintiff testified, participated in an investigation, proceedings and hearings with both EEOC and TWC. 42U.S.C § 12203(a)Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and section 207(f) of GINA, it was unlawful for the

Plaintiff Complaint and Jury Demand Page-12

defendant to discriminate because plaintiff opposed any practice made unlawful by statutes, and because he made a charge, testified, assisted, participated in an investigation, proceedings, hearings under the laws.

78. Upon, filing the first EEOC charge October 2019 for Disability Discrimination, the Defendant retaliated against Carrera terminating Carrera employment for the filing of EEOC charge and attending Mediation.

79. On 1/27/2020, The Defendant violated the terms of mediation of settlement agreement and by doing so, defendant retaliated against Mr. Carrera for reporting EEOC charge and for attending mediation also for the filing of the Short-Term Disability (STD) claim along with the Worker Compensation Claim (WCI) which the defendant interfered and retaliated against Carrera by Termination of his benefits.

80. Defendant violated the terms of the Settlement of Agreement on 2/6/2020 by breaking communication and terminating benefits before the expiration of the Agreement between the two parties.

81. On 2/14/2020, Defendant violated the terms of conditions regarding the Mediation Settlement Agreement after Defendant issued an official termination letter. Defendant also would later retaliate against Carrera in the denial of filing with the TWC. Therefore, proving a connection between the protected activities of the filing of the initial EEOC charge, racial discrimination complaint to defendant. The attendance of Mediation Settlement Agreement, and the termination of benefits. The termination of employment, along with the interference of Worker compensation claims and TWC benefits.

82. Because of the actions of Defendant, Mr. Carrera suffered damages within the jurisdictional limits of this Court.

83. Defendants' Texas Code Chapter 21 (Chapter 21), Title VII of the civil Rights Act (Title VII), the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act (ADA). caused the Plaintiff to suffer harm.

84. The Defendants acted maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiffs, and/or with the conscious disregard of the rights and safety of Plaintiffs, and/or with an improper and evil motive amounting to malice. Plaintiffs are, therefore, entitled to recover punitive damages from Defendants in an amount to be determined at the time of trial and in accordance with proof.

## VII.
## DAMAGES

86. As a result of Defendant's discriminatory conduct, Mr. Carrera has suffered and will continue to suffer pecuniary losses, including but not limited to, lost wages and other benefits associated with his employment. Mr. Carrera has suffered non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

87. Therefore, Mr. Carrera seeks the following damages:

a. An injunction prohibiting Defendant from engaging in unlawful employment practices.

b. Additional equitable relief as may be appropriate such as court costs.

c. Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

d. Punitive damages to the extent Defendant acted with malice or reckless indifference.

e. Reasonable attorney's fees and costs including reasonable expert fees.

f. Pre and post judgment interest at the maximum rate allowed by law.

## VIII.
## DEMAND FOR A TRIAL BY JURY

88. Pursuant to Rule 81(c)(3)(A) of the Federal Rules of Civil Procedure, Mr. Carrera has made demand for a trial by jury in this action in state court.

## IX.
## PRAYER

**WHEREFORE,** PREMISES CONSIDERED, Plaintiff Richard Carrera prays that the Court deny the Defendant PolyOne's Motion to Dismiss in its entirety. Plaintiff prays for sych other and further relief as is just and fit.

Respectfully Submitted,

Richard Carrera (pro se)

By:
Richard Carrera
1321 King Road
San Juan Texas 78589
Telephone: (956)601-8439
E-mail: carrerarick0@gmail.com

## CERTIFICATE OF SERVICE

I certify that on December 21, 2023, I served a copy of the foregoing on opposing counsel via the Court's ECF system and via First Class Mail.